NATHAN J. CADE ET AL. *v.* MYRTLE DUKES ET AL.

[No. 45, April Term, 1930.]

*Decided June 11th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*J. Owen Knotts,* for the appellants.

*Henry R. Lewis,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

This is a second appeal in this case. The decision on the first was reported in 157 Md. 45. By that former decision the case was remanded for proof of the time of recording an assignment of mortgage, so that the court might determine

whether the mortgagors had constructive notice, by the record, of the fact of assignment, before they made payments to the original mortgagee in disregard of the assignment. The mortgagee failed to turn over the money to the assignee, and the ultimate question to be decided is: Who shall bear the loss, as between the mortgagors and the assignee? It has been settled, as stated in the opinion on the former appeal, that the recording of the assignment gives the mortgagors such constructive notice of it that payments made by them after the recording do not amount to payments on the mortgage debt, unless received by the assignee. On the further evidence given, the circuit court has found that the assignment was recorded before the payments were made, and that the amounts could not therefore be deducted as payments on the mortgage debt. This court concurs in that conclusion.

The record gives January 6th, 1921, as the date of recording. And the record of the assignment is appended to the record of the mortgage. The assignment was written on the original instrument itself. The date of the assignment was January 20th, 1921, before any of the payments were made. The assignee has now testified that the mortgage was delivered to her on January 20th, complete as it is now, with the assignment entered on it. She has testified with certainty that she received the mortgage at that time, and that it has never since been out of her possession, so that it might have been in the clerk's office for any recording at a later time. She had kept the paper in a safe deposit box continuously since January 20th, 1921; and while other members of her family used the box and had access to it, there is no likelihood of their having taken out this particular paper, in which they had no interest, for further recording. Witnesses who had been employed as deputy clerks in January, 1921, have testified that the record indicates that the assignment was written upon it when the original mortgage was being recorded. According to the custom in the clerk's office, papers were recorded by use of a typewriter, but if the short assignments of mortgages, such as this one, were not on the papers at the time of the original recording, but were brought in subse-

quently, they would customarily be written with pen and ink. And this assignment was recorded with a typewriter, with the same lining as that of matter in the mortgage itself. The former deputy clerks have further testified that according to the practice of the office no additional charge was made for recording an assignment together with the mortgage, in one operation, but an additional charge was made for recording an assignment subsequently to the recording of the mortgage; and no additional charge was made for recording this assignment. There was evidence of examination by a brother of the assignee, and another, of the paper after delivery to her in January, 1921, and of their conclusion that the paper was then in proper order, but that testimony is left somewhat indefinite.

The evidence thus outlined has been given with apparent care to state the facts exactly as now recollected by the witnesses, and to state no more; and it is convincing. It goes to the extent of clear proof that the instrument containing the assignment, recorded at the clerk's office, left that office finally on January 20th, 1921, and has never been there again so that the assignment might have been recorded later. And the evidence of the deputy clerks gives circumstantial confirmation of a recording of the assignment at that time, along with the original mortgage. The proof of recording before payments were made by the mortgagors seems sufficient. The disparity between the date of recording stated on the instrument and the date of the assignment, January 6th and January 20th, would seem to present no difficulty. The assignment may well have been written on the paper two weeks after it had been left at the clerk's office for recording, and still have been written before the recording of the original paper had been completed.

*Decree affirmed, with costs to the appellees.*